**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ARBOR PLASTIC
TECHNOLOGIES, LLC,

        Plaintiff,

v.                                Case No. 21-11194

SPARTECH, LLC and
J. STERLING INDUSTRIES, LTD.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Arbor Plastic Technologies has filed an "Unopposed Motion to Remand" this diversity action to state court "because not all defendants have consented to removal." (*See* ECF No. 11.) The only remaining Defendant in this action has defaulted and, therefore, has not filed a response in opposition to the motion. But, on its face, Plaintiff's motion is untimely because it was filed well-over 30 days after removal. *See* 28 U.S.C. § 1447(c) (requiring that a plaintiff seeking to remand an action to state court on the basis of any technical defect do so "within 30 days after the filing of the notice of removal under section 1446(a)"). As the court explains below, this motion must be denied. *See Chambers v. HSBC Bank USA, N.A.,* 796 F.3d 560, 565-66 (6th Cir. 2015) (citing *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir.2003)) (finding that it is settled law that the "breach of the rule of unanimity is a . . . technical defect[] in the removal procedure" so plaintiff's "motion for remand had to be filed within 30 days of the date of filing of the notice of removal").

Plaintiff's motion lays out the following facts. Plaintiff commenced this breach-of-contract lawsuit in Macomb County Circuit Court and filed an amended complaint on April 7, 2021 that included both Spartech, LLC and J. Sterling Industries, LTD as Defendants. Sterling, a Canadian company, was served on May 11, 2021. (ECF No. 8-1, PageID.98.) On May 21, 2021, Defendant Spartech filed a "Notice of Removal" based on diversity of citizenship and removed the present action to the Eastern District of Michigan. (*See* ECF No. 1.) In its removal notice Spartech stated the following:

> Sterling was served on May 11, 2021, and its responsive pleading is not yet due. No attorney has yet entered his or her appearance on Sterling's behalf. Spartech anticipates that Sterling will file a written consent of removal within 30 days of its receipt of service.

(ECF No. 1, PageID.5.) Despite being served, Defendant Sterling never filed an appearance in the present lawsuit, and a default was entered against it by the court clerk on June 28, 2021. (ECF No. 8.)

Plaintiff and Spartech later reached a settlement, and the court entered a stipulated order dismissing Spartech as a Defendant in September 2021. (ECF No. 10.) This leaves Sterling as the sole remaining Defendant. Because Plaintiff is concerned that this court "lacks subject matter jurisdiction, and, therefore, any default judgment might be subject to attack later by J. Sterling as *void ab initio*," Plaintiff now moves for this action to be remanded to Macomb County Circuit Court. (ECF No. 11, PageID.132.) It contends that "not all defendants in this lawsuit have joined or consented to the removal of this action." (*Id.*)

Title 28 U.S.C. § 1441 permits the removal of certain civil actions to federal district court, and § 1441(c) states that, typically, a defendant may remove to this court any civil action which meets the requirements for diversity jurisdiction under section

1332. The procedures that a defendant must follow to remove a case to federal court are set forth in 28 U.S.C. § 1446. Section 1446 requires that each defendant must file, or join in, the notice of removal within thirty days after the defendant received its copy of the initial complaint. This provision has been interpreted to require that defendants unanimously consent to removal. *See Loftis*, 342 F.3d at 516 ("Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to the removal in writing within thirty days."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.").

> A motion to remand is governed by 28 U.S.C. § 1447:
>
> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

While the lack of unanimity among Defendants here would be sufficient grounds to remand the case if the motion had been filed before June 21, 2021, Plaintiff is now requesting that the court remand this matter more than three months after the matter was removed. Specifically, Plaintiff contends that section 1447(c) allows the court to remand this case "at any time" based on the alleged defect. (ECF No. 8, PageID.133.)

The Sixth Circuit recently reaffirmed that a lack of unanimous consent does not constitute sufficient grounds to remand an action beyond the 30-day deadline. The *Chambers* decision found that a defendant's failure to obtain unanimous consent among defendants is a "technical defect[]" and not "a *substantive*" jurisdictional defect, so the

3

30–day deadline contained in 1447(c) bars a plaintiff from filing a motion to remand based on a lack of unanimous consent after the 30–day deadline has passed. *Chambers*, 796 F.3d at 565-66 (citing *Loftis*, 342 F.3d at 516-17). *See also Collinge v. Kiesgen,* No. 08-CV-10443-DT, 2008 WL 11355307, at *3 (E.D. Mich. Mar. 31, 2008) (Cleland, J.) ("[A] violation for the unanimity rule is a nonjurisidictional defect that is waived if not objected to within the 30–day window afforded by 28 U.S.C. § 1447(c).") (quotation omitted).

Since Plaintiff's motion acknowledges that section 1447(c) is applicable to the present case (*see* ECF No. 11, PageID.133), the motion, on its face, does not present proper grounds for remand as a matter of law even though the motion is unopposed. The court cannot ignore a federal statute establishing procedural rules, so Plaintiff's motion must be denied. *See*, *e.g.*, *Sacramento Mun. Util. Dist. v. F.E.R.C.,* 683 F.3d 769, 771 (7th Cir. 2012) (declining to grant an unopposed motion because "courts lack common-law authority to disregard legislation that sets rules for the conduct of litigation."). Accordingly,

IT IS ORDERED that Plaintiff's "Unopposed Motion to Remand to Macomb County Circuit Court" (ECF No. 11) is DENIED.


                                      s/Robert H. Cleland            /
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: October 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-11194.ARBORPLASTICS.MotionToRemand.AAB.docx